UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ERNEST D. GLASPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO.: 3:06-CV-547-TS |
| | ) |
| STEVEN BERGER, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Ernest Glasper, a prisoner confined at the St. Joseph County Jail, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that South Bend police officer Steven Berger used excessive force when he arrested Mr. Glasper. Pursuant to 28 U.S.C. § 1915A(a), the court shall review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The court must dismiss an action against a governmental entity or officer or employee of a governmental entity if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(b). Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements:  First, the plaintiff must allege that some person has deprived him of a federal right.  Second, he must allege that the person who has deprived him of the right acted under color of state law.  These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that

motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

According to the Complaint, on August 22, 2006, Officer Berger arrested Mr. Glasper. The Plaintiff states that he had a broken arm, was under the care of a physician for multiple recent gunshot wounds to the arm, abdomen, and lung, and "posed no threat to Officer Berger." (Complaint at p. 4). Nevertheless, the Complaint alleges that Officer Berger used brutal excessive and unnecessary force to arrest Mr. Glasper, re-breaking his arm.

Mr. Glasper brings this action pursuant to 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137 (1979).

"In addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." *Graham v. Conner*, 490 U.S. 386, 394, (1989). "*All* claims that law enforcement officers have used excessive force — deadly or not — in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness standard.'" *Graham v. Conner*, 490 U.S. at 395 (emphasis in original). The Fourteenth Amendment's due process clause protects pretrial detainees from excessive use of

force, and the Eighth Amendment's cruel and unusual punishments clause protects those convicted of crimes from excessive use of force. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Robinson v. Moses*, 644 F. Supp. 975 (N.D. Ind. 1986). Mr. Glasper's allegations arise from an arrest or investigatory stop of a free citizen, so this Complaint must be brought pursuant to the Fourth Amendment.

"Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Graham v. Conner*, 490 U.S. at 396 (quoting *United States v. Place*, 462 U.S. 696, 703 (1983)). Giving Mr. Glasper the benefit of the inferences to which he is entitled at the pleadings stage, his allegation that Officer Berger beat him brutally without justification, breaking his arm, is sufficient to state a Fourth Amendment claim upon which relief can be granted under § 1983.

For the foregoing reasons, the Court:

(1) GRANTS the Plaintiff leave to proceed against the defendant on his Fourth Amendment excessive use of force claim;

(2) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS that the Defendant respond to the Complaint as provided for in the Federal Rules of Civil Procedure; and

(3) DIRECTS the marshals service to effect service of process on Defendant Steven Berger, and DIRECTS the Clerk's office to ensure that a copy of this order is served on him along with the summons and Complaint.

SO ORDERED on December 22, 2006.

 s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT  
FORT WAYNE DIVISION

3